**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TIMOTHY A. JAMES,**<br>    Plaintiff**,**<br>vs.<br>**SAN FRANCISCO UNIFIED SCHOOL DISTRICT,**<br>    Defendant**.** | CASE NO. 18-cv-04448-YGR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

On July 23, 2018, plaintiff Timothy A. James, proceeding *pro se*, filed a complaint against defendant San Francisco Unified School District (the "District") alleging retaliation in violation of (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. Section 12203(a); and (2) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 215(a)(3). (Dkt. No. 1 ("Compl.") ¶¶ 21-27.) Generally, James alleges that in his role as a moderate/severe special education teacher, he endured harassment and abuse by a student as well as his supervisor, who pressured him not to report the student's behavior and that when the behavior escalated and James did report it, the District retaliated against him.

Now before the Court is defendant's motion to dismiss James's complaint for failure to state a claim.[1] (Dkt. No. 9 ("Motion").) Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court **GRANTS** defendant's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** James's claims. Thus, James may file an amended complaint.

---

[1] The Court has reviewed the papers submitted by the parties in connection with defendant's motion to dismiss. The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the hearing set for October 2, 2018 is **VACATED**.

## I. BACKGROUND

James worked for the District as a "moderate/severe Special Education teacher and case manager [at James Denman Middle School] for two academic years."[2] (Compl. ¶ 6.) He received a Right-to-Sue letter from the Equal Employment Opportunity Commission ("EEOC") dated April 19, 2018. (Dkt. No. 1-1.)

James alleges as follows:

During James's employment he "suffered severe emotional, mental[,] and physical abuse from his immediate supervisor and employer, which resulted in several trips to the ER, more than six consecutive months of psychological therapy, over one month [of] disability leave, termination[,] and almost cost [him] his life." (*Id.* ¶¶ 7-8.)

During James's first year of employment at James Denman Middle School, a student repeatedly attacked him, resulting in bruising, scrapes, sprained joints, and mild abrasions. (*Id.* ¶¶ 8-9.) In response, James's supervisor told him not to report the incidents. (*Id.* ¶ 8.) By the following school year, the same student had grown to be five to six inches taller and forty pounds heavier than James. During the second school year, the student also "br[ought] a gun clip into . . . James's classroom[,] . . . br[oke] two staff members' fingers, assault[ed] a blind woman in a wheelchair, raise[d] scissors to the secretary's face/throat and br[ought] tremendous harm to . . . James." (*Id.* ¶ 11.)

In the fall of 2016, the same student's acts of aggression and assault began to escalate and become more frequent. (*Id.* ¶ 12.) In response, James filed an incident report in October 2016 followed by a grievance against his supervisor in November 2016. (*Id.*) Because of James's October 2016 report, the District removed his classroom support staff. (*Id.* ¶ 13.) Following his November 2016 grievance, James "endure[d] heinous acts of retaliation and harassment." (*Id.*)

Following another attack by the same student, James was placed on disability leave from November 2016 to January 2017. (*Id.* ¶ 14.) During this time, James endured continued harassment and "was forced to violate work restriction, travel to his worksite and maintain case

---

[2] James's employment spanned academic years 2015-2016 and 2016-2017. (Compl. ¶¶ 9-10.)

2

file compliance." (*Id.*) When James returned to his position on January 5, 2017, he "continued to experience retaliation and hardship." (*Id.* ¶ 15.) James continued to inform District officials of his poor working conditions with no relief, and "the District disregarded [his] many attempts to engage them." (*Id.* ¶ 16.) In February and March 2017, James "sent out more complaints to District personnel regarding his declining mental health, his continued harassment, and ongoing retaliation to which he received no response and a heightened level of harassment from his supervisor." (*Id.* ¶¶ 17-18.)

One day after James had filed a complaint in March 2017, the District launched a "malicious investigation," attacking James's character and publicly embarrassing him. (*Id.* ¶ 18.) During this investigation, James was "denied contractual rights and professional courtesies that would typically precede" an investigation. (*Id.*)

James did not receive "any verified or credible form of notice regarding his termination and has received several conflicting reasons as to why he [had] been terminated – each reason invalid in and of itself." (*Id.* ¶ 27.) For several months after James's termination of employment, the District "continued to defame his person with unsolicited verifiable fictitious reports and harassment." (*Id.* ¶¶ 23-24.) Defendant acted in bad faith and "intentionally acted on knowledge submitted in doctor notes and grievances to reinforce and demonstrate similar behaviors known to cause [James] harm." (*Id.* ¶¶ 24-25.) The District also "is in violation of [the FLSA] by fact of their actions preceding . . . James's termination." (*Id.* ¶ 26.) Specifically, the district failed to provide a "valid or credible form of notice regarding [his] termination" and provided only conflicting and invalid reasons for his termination. (*Id.* ¶ 27.)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its

3

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). *Pro se* pleadings must satisfy the same standard even though courts must construe *pro se* pleadings liberally. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). The "pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Id.*

**III. DISCUSSION**

    **A. Retaliation in Violation of the ADA**

        1. <u>Exhaustion of Administrative Remedies & Timely Filing</u>

A plaintiff bringing a cause of action under the ADA must "exhaust her EEOC administrative remedies before seeking federal adjudication of her claims." *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1004). Moreover, claims of retaliation under the ADA, are subject to the timely filing of suit. 42 US.C. § 2000e-(5)(f)(1). In short, a plaintiff who receives a right-to-sue notice from the EEOC must file his lawsuit within 90 days of *receipt* of such notice. *Id.*

James advises that while the right-to-sue notice was dated April 19, 2018, the postmark was April 23, 2018. (Dkt. No. 1-1; Dkt. No. 10 ("Opp.") at ECF 13.)[3] Ninety days from the postmark is Sunday, July 22, 2018. James filed his complaint with this Court the next business day on July 23, 2018. (*See* Compl.) Even assuming the shortest delivery period, the earliest that James could have received the right-to-sue notice was the day after it was post-marked, on April 24, 2018. Given this additional information, which should be alleged in any amended complaint, James would have timely filed his complaint within 90 days of his receipt of the notice.

---

[3] The Court refers to ECF pagination with respect to James's opposition to defendant's motion to dismiss to avoid confusion of multiple and conflicting page numbers.

4

2. <u>Establishment of a Claim of Retaliation Under the ADA</u>

To establish a claim of retaliation in violation of the ADA, a plaintiff must allege that "(1) . . . he or she engaged in or was engaging in activity protected by the ADA, (2) the employer subjected him or her to an adverse employment decision, and (3) . . . there was a causal link between the protected activity and the employer's action." *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1121 (9th Cir. 2000), *vacated on other grounds*, 535 U.S. 391 (2002); *see also Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004)); 42 U.S.C. § 12203(a). Here, the only issue is whether the allegations of the complaint support the first element.

Section 11203(a) of the ADA provides: "No person shall discriminate against any individual because such individual has *opposed any act or practice made unlawful by this chapter* or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. §12203(a) (emphasis supplied). Thus, like Title VII, which provides the framework for analyzing ADA claims,[4] the question arises which is the "act or practice made unlawful by this chapter" of which James opposed. *See Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997) ("An employer can violate the anti-retaliation provisions of Title VII in either of two ways: '(1) if the [adverse employment action] occurs because of the employee's opposition to conduct made unlawful employment practice by the subchapter, or (2) if it is in retaliation for the employee's participation in the machinery set up by Title VII to enforce its provisions.'") (internal citations omitted) (additions in original). Thus, an employee engages in an activity protected by the ADA by (i) opposing an employment practice that is unlawful under the ADA, or (ii) participating in an investigation, proceeding, or hearing under the ADA. *See* 42 U.S.C. § 12203(a).

Here, James appears to allege that he engaged in protected activities by (1) filing an incident report related to a student's physical aggression, (2) filing a grievance against his supervisor related to the supervisor's handling of the student's aggression, and (3) making

---

[4] *See Barnett*, 228 F.3d at 112 (adopting the Title VII retaliation framework for evaluating ADA retaliation claims of plaintiff alleging retaliation for his request for accommodation of a disability).

5

complaints to the District regarding "his declining mental health, his continued harassment, and ongoing retaliation . . . ." (Compl. ¶¶ 12, 17.) James has not alleged how he believes that these allegations implicate the ADA. *See* 42 U.S.C. § 12203(a). For instance, James argues that "his mention of disability leave, psychological [and physical] therapy, and bodily injuries are related to alleged disability . . . ." (Opp. at 7 (addition in original).) However, James has not alleged that he was either denied any of the rights afforded to him by the ADA or that he participated in any investigation, proceeding, or hearing under the ADA. Without more, it is not apparent how any of these "filings" or "complaints" related to an employment practice that is unlawful under the ADA.

James's reliance on three cases is inapposite. First, James points to *Sumner v. United States Postal Serv.* for the proposition that "[c]ourts have accepted informal protests of discriminatory employment practices as protected activity." (Opp. at 6.) However, this case addresses a former employee's claims of racial discrimination and retaliation in violation of *Title VII*, not the ADA. *See* 899 F.2d 203, 209 (2d Cir. 1990). James also cites to *Sias v. City Demonstration Agency* and *Drinkwater v. Union Carbide Corp.* in support of his argument that "the burden of proof does not rest with the [p]laintiff; nor does the [p]laintiff need to establish" "facts indicating the basis for [p]laintiff's grievance against his supervisor, as well as facts showing that the complaints opposed any alleged unlawful practices . . . to be awarded ADA protections." (Opp. at 7 (citing *Sias*, 588 F.2d 692 (9th Cir. 1969); *Drinkwater*, 904 F.2d 853, 866 (3d Cir. 1990).) These cases deal with claims of retaliation for opposition to alleged acts of racial discrimination, again in violation of Title VII, and claims of retaliation for opposition to alleged hostile work environment due to sexual harassment in violation of New Jersey state law. *See Sias*, 588 F.2d at 693; *Drinkwater*, 904 F.2d at 854.

As set forth above, James has not alleged that he has engaged in an activity that is protected by the ADA or that he has participated in any investigation, proceeding, or hearing under the ADA upon which the alleged retaliation was based.

**B. Retaliation in Violation of the FLSA**

To establish a claim of retaliation under Section 15(a)(3) of the FLSA, a plaintiff must allege that (1) he engaged activity protected by the FLSA; (2) he suffered an adverse employment

6

decision; and (3) there was a causal link between the protected activity and the adverse employment action. *See Contreras v. Corinthian Vigor Ins. Brokerage, Inc.*, 103 F.Supp.2d 1180, 1184 (N.D. Cal. 2000). Protected activity includes filing a complaint or instituting a proceeding "under or related to" the FLSA. *See* 29 U.S.C. § 215(a)(3). "Complaints filed 'under' the FLSA are those complaints provided for in the Act, i.e., those complaints filed with the Department of Labor or the federal court as specified in the Act. Complaints that are not 'under' the FLSA but are 'related to' it, on the other hand, are those complaints filed outside of court and the Department of Labor that relate to the subject matter of the FLSA . . . ." *Lambert v. Ackerley*, 180 F.3d 997, 1004-05 (9th Cir. 1999). The FLSA provides protections for workers including minimum wage, maximum hours, and child labor protections. *See* 29 U.S.C. § 206, 207, 212.

As noted above, James appears to allege that he engaged in protected activities by (1) filing an incident report related to a student's physical aggression, (2) filing a grievance against his supervisor related to the supervisor's handling of the student's aggression, and (3) making complaints to the District regarding "his declining mental health, his continued harassment, and ongoing retaliation . . . ." (Compl. ¶¶ 12, 17.) James also alleges that the District has violated the FLSA "by fact of their actions preceding [his] termination." (*Id*. ¶ 26.) James further alleges that defendant failed to provide a "valid or credible form of notice regarding [his] termination" and that he received several conflicting and invalid reasons for his termination. (*Id.*)

Again, it is not clear how James believes that these allegations implicate the FLSA.[5] *See* 29 U.S.C. § 206, 207, 212. James does not allege that his complaints or grievance related to wage or hour rights or child labor claims. (*Id.*; *see also* Compl.) James avers that "as acknowledged in the clarifying terminology applicable to the Section in question, [p]laintiff need not engage in a related wage rights or child labor claim to be granted protection under Section 15(a)(3)." James

---

[5] Section 15(a)(3) prohibits the "discharge or . . . any other manner [of] discriminat[ion] against any employee *because* such employee has filed any complaint or instituted or caused to be instituted *any proceeding under or related to this chapter*, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3) (emphasis supplied).

7

does so without reference to a citation for the "clarifying terminology," and so the Court assumes that he is referring to the definitional provisions of the FLSA. These definitions do not abrogate Section 15(a)(3)'s limitation protecting only those employees who suffered discharge or discrimination *because* he or she "has filed a complaint or instituted or caused to be instituted *any proceeding under or related to this chapter*, or has testified . . . in *any such proceeding*."[6] 29 U.S.C. § 215(a)(3) (emphasis supplied). Moreover, James's conclusion that the District "acted in violation" of the FLSA is insufficient to state a claim of such a violation. *See Adams*, 355 F.3d at 1183 (holding that mere "conclusory allegations of law . . . are insufficient to defeat a motion to dismiss"). Accordingly, James has not alleged that he has filed a complaint or instituted or caused to be instituted any proceeding under or related to the FLSA or has testified in any such proceeding.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss and **DISMISSES** James's complaint **WITH LEAVE TO AMEND**. As noted, in addition to the substantive allegations, James shall include allegations regarding the timeliness of his complaint.

The Court advises plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available in the Clerk's office or through the Court's website, http://cand.uscourts.gov/pro-se.

The Court also advises plaintiff that additional assistance may be available by making an appointment with the Legal Help Center. **There is no fee for this service**. To make an appointment with the Legal Help Center in San Francisco, Plaintiff may visit the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102, or call 415/782-9000 (ext. 8657). To make an appointment with the Legal Help

---

[6] The Court is similarly unpersuaded by James's argument that because the Section 15(a)(3) "states that it is a violation for *any* person to discharge . . . because such employee has filed *any* complaint . . . the protection applies to *all* employees for an employer even in instances in which the employee's work and the employer are not covered by the FLSA," as it ignores the rest of the statutory language. (Opp. at 10 (emphasis in original).)

8

Center in Oakland, plaintiff may visit the Oakland Courthouse, located at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California, 94612, or call 415/782-8982. The Help Center's website is available at http://www.cand.uscourts.gov/helpcentersf.

To the extent that James has a basis for filing an amended complaint, he must do so by **Friday, October 26, 2018**. Failure to do so will result in dismissal of the complaint with prejudice. Defendant shall file a response fourteen (14) days after the filing.

This Order terminates Docket Number 9.

**IT IS SO ORDERED.**

Dated: September 27, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**